# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| DANNY BRANSON,<br><br>      Plaintiff,<br><br>v.<br><br>MICHELLE SMITH, STEVE ELLIS, and CLAIBORNE COUNTY JUSTICE CENTER,<br><br>      Defendants. | No.: 3:18-CV-455-TWP-DCP |

## **MEMORANDUM OPINION**

Plaintiff, a prisoner proceeding pro se, has filed a complaint pursuant to 42 U.S.C. § 1983 [Doc. 2]. For the reasons set forth below, Plaintiff's complaint will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

## I. SCREENING STANDARD

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere"). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff contends that between August 1 and August 10, 2018, he requested medical treatment for a "bump" on his leg [Doc. 2 p. 3-5]. He states that a correctional officer took him to the nurse's office, treated his wound, and wrapped it [*Id*. p. 4]. Plaintiff alleges that after three days, Nurse Michelle Smith unwrapped the wound and treated it with alcohol and peroxide, at which point the wound began to ooze infection [*Id*.]. Nurse Smith treated the wound with triple antibiotic ointment and told Plaintiff that he would see a doctor the following Monday [*Id*.]. Plaintiff asserts that as of October 16, 2018, he had yet to be seen by a physician [*Id.* at 5].

## III. ANALYSIS

A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). The subjective component of a claim for denial of medical care requires proof that the prison official acted with deliberate indifference. *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005), *abrogated on other grounds in Pearson v. Callahan*, 555 U.S. 223 (2009). Deliberate indifference requires a mental state amounting to criminal recklessness, and mere negligence is insufficient. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839–40). To meet this

subjective standard, a plaintiff must establish that the defendant: (1) "perceived the facts from which to infer substantial risk to the prisoner;" (2) "did in fact draw the inference;" and (3) "then disregarded that risk." *Id.* at 591 (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

"As a general rule, a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (citing *Estelle*, 429 U.S. at 107). "Additionally, '[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Id.* (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

First, the Court finds that there is nothing in Plaintiff's compliant to suggest that Jail Administrator, Steve Ellis, violated Plaintiff's constitutional rights. A court may not impose liability under § 1983 based on a failure to act and/or a theory of *respondeat superior*. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding denial of administrative grievances or failure to act does not subject supervisors to liability under § 1983). Accordingly, Jail Administrator Steve Ellis is entitled to be dismissed from this action.

Second, the Court finds that there is nothing in Plaintiff's complaint that allows the Court to plausibly infer that Nurse Smith violated Plaintiff's constitutional rights. Nurse Smith treated Plaintiff's wound and attempted to set him an appointment with a doctor. Plaintiff has not suggested, and the Court has no reason to infer, that Nurse Smith has control of whether or when Plaintiff is actually transported to doctor's appointments, and there is no evidence in Plaintiff's allegations that Nurse Smith was deliberately indifferent to Plaintiff's serious medical needs. Therefore, Nurse Smith will be dismissed from this action.

Finally, the Court notes that Plaintiff named the Claiborne County Justice Center as a Defendant, but a jail is not a person subject to liability under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). The Court, construing Plaintiff's claims as arising against Caliborne County itself, nonetheless finds that Plaintiff cannot sustain his action against this Defendant, as he has not alleged that any jail policy and/or custom was behind the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Accordingly, Claiborne County will be dismissed from this action.

IV.   **CONCLUSION**

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

    s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE